UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FABCON PRECAST,<br><br>Defendant. | CASE NO. 2:25-CR-0020<br><br>CHIEF U.S. MAGISTRATE<br>JUDGE DEAVERS |

## SENTENCING MEMORANDUM

On June 6, 2020, Zachary Ledbetter was working at Defendant Fabcon Precast's Grove City plant when a pneumatic door closed on his head. *See* Docket Entry 3 at pp. 7 (Statement of Facts). Zach died five days later. *Id.* As reflected in the Information and Plea Agreement, Zach died because Fabcon willfully failed to implement a compliant hazardous energy control program, also known as "lockout/tagout," to ensure the safety of employees like Zach.

There is only one federal criminal charge for violations of workplace safety standards: 29 U.S.C. Section 666(e). This law applies in the limited circumstances where an employer willfully violates a specific Occupational Safety and Health Administration (OSHA) standard, and where the violation causes the death of an employee. Despite this elevated *mens rea* requirement, the violation is a Class B misdemeanor with maximum penalties of a fine of $10,000[1] and imprisonment of six months.

The specific standard which the parties have agreed was willfully violated in this case is

---

[1] Under the Alternative Fines Act, the maximum fine for an organization where a misdemeanor violation results in death is increased to $500,000. 18 U.S.C. § 3571(c)(4).

1

29 C.F.R. Section 1910.147(c), which requires employers to "establish a program consisting of energy control procedures, employee training and periodic inspections to ensure that before any employee performs any servicing or maintenance on a machine or equipment where the unexpected energizing, start up or release of stored energy could occur and cause injury, the machine or equipment shall be isolated from the energy source, and rendered inoperative."

Here, the hazardous energy was the pneumatic pressure that opened and closed the mixer door. A compliant program would have required that any employee working around the door first exhaust the pressurized air and "lock out" the pneumatic line. Although the mixer was equipped with a device designed to do just that (namely, a dump-valve that would exhaust the air and was capable of being locked-out), batch operators such as Zachary Ledbetter were not provided lockout-tagout training on the use of the dump valve, and in any case, the handle that operated the dump valve had been broken off some months earlier. *Id.*

*Agreed-Upon Sentence*

The parties agreed as part of plea under Fed. R. Crim. Proc. 11(c)(1)(C) to the following sentence: 2 years of probation, a fine in the amount of $500,000, and compliance with the Safety Compliance Plan attached to the Plea Agreement.

*Sentencing Considerations*

The sentence recommended by the parties is supported by the relevant sentencing factors.[2] *See* 18 U.S.C. § 3553(a). In particular, the nature and circumstances of the offense show that a statutory maximum fine is appropriate. Fabcon had the necessary procedures to eliminate all hazards and make Zach safe as he was working in and around the mixer. This training, however, was never provided to batch operators like Zach - the ones who were

---

[2] Because the charged crimes is a Class B misdemeanor, the U.S. Sentencing Guidelines do not apply. *See* U.S.S.G. §1B1.9.

responsible for thoroughly cleaning the mixer at the end of every shift. Instead, batch operators were provided with much more limited training known as the "external mixer washout" procedure, which simply involved isolating the electrical power to the mixer blade. It did not address several other potential hazards associated with this work, including the pneumatic energy powering the discharge door. Compounding the problem, many of the batch operators were under the false impression that locking out the electrical disconnect to the mixer blade rendered the entire mixer safe and that no components would be capable of moving.

Furthermore, management at Fabcon knew that batch operators would enter the mixer and chute as part of their routine cleaning. This is made plain by the fact that batch operators often sent digital photographs of the inside of the mixer to their supervisors to document the thoroughness of their cleaning. Many showed the area around the discharge gate, including from within the chute. One such photograph, seen below, was sent on January 24, 2020, to at least three Fabcon employees, including Fabcon's Production Manager, along with the message "[Employee] hammering mixer door."



This photograph confirms that the task Zach was performing on June 6 was not an aberration. Indeed, several batch operators confirmed that it was not an infrequent task, and was one that managers were aware of. Despite this awareness, batch operators were never given lockout/tagout training on the steps required to eliminate the risks associated with the job, including the very dangerous pneumatic pressure powering the discharge door. This failure to implement a compliant lockout-tagout program, despite knowledge that batch operators were working in and around the mixer on a frequent basis, is an important circumstance of the offense.

Fabcon's history likewise demonstrates that a statutory maximum fine is the appropriate resolution. According to OSHA, Fabcon's Grove City facility was cited for serious and other-than-serious 29 C.F.R. § 1910.146 permit-required confined spaces violations in 2009 and 2000 and for serious 29 C.F.R. § 1910.147 lockout/tagout violations in 2009, 2004 and 2000. This history and pattern of violations, including violations of lockout/tagout, should have served as a warning sign for Fabcon to improve its safety practices and implement a compliant lockout/tagout program. It's failure to do so resulted in the tragic death of Zachary Ledbetter.

*Post-Incident Conduct*

Since the incident, Fabcon has fortunately shown a commitment to improving its safety programs and protocols. These steps are summarized in Fabcon's sentencing memorandum. The Government is hopeful that this renewed commitment, in combination with the requested Safety Compliance Plan, will prevent similar incidents from occurring in the future.

KELLY A. NORRIS
ACTING UNITED STATES ATTORNEY


ADAM R.F. GUSTAFSON
ACTING ASSSISTANT ATTORNEY GENERAL

_____
ADAM C. CULLMAN (KY #93912)
Special Assistant United States Attorney &
Sr. Trial Attorney, Environmental Crimes Section
Environment and Natural Resources Division
221 E. 4th St. Ste. 400
Cincinnati, OH 45202
adam.cullman@usdoj.gov

5

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system to all ECF participant(s) of this record.

                By:   /s/ Adam C. Cullman
                         Adam C. Cullman
                         U.S. Department of Justice